IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-3045-JDW |
| | : | |
| SCOTT PANCKERI, *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

At the outset of this case, I issued an Order directing Mr. Nellom to file an updated motion to proceed *in forma pauperis*. He didn't, so I dismissed the case. Now, he pretends that the dismissal never happened and seeks summary judgment. He hasn't shown a reason for me to give him relief from my Order dismissing the case. But even if he did, all that would buy him is a statutory screening of his Complaint, which would result in its dismissal again.

## I.    FACTUAL ALLEGATIONS[1]

Mr. Nellom received Supplemental Security Income ("SSI") payments from 2017 until he was incarcerated in April 2019. *See Nellom v. Commissioner of Social Security*, No. 23-3215, 2024 WL 3219700, at *1 (3d Cir. June 28, 2024). His incarceration led to the

---

[1] The factual allegations set forth in this Memorandum are taken from Mr. Nellom's Complaint and the materials he attached to the Complaint. (ECF No. 2.) On statutory screening, I may also consider matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

suspension of his eligibility for benefits. *See id.* at *2 n.2 (citing 20 C.F.R. §§ 416.211, 416.1325, 416.1335). After his release, he filed a new application for benefits that was denied.

Mr. Nellom filed a case in this Court to challenge the denial. *See Nellom v. Kijakazi*, 23-CV-01268-RAL, 2023 WL 7544996, at *4 (E.D. Pa. Nov. 13, 2023) (the "SSI case"). Magistrate Judge Lloret granted the motion of the Commissioner to dismiss the SSI case because Mr. Nellom failed to exhaust his administrative remedies after the denial of his application for benefits. The dismissal was affirmed on appeal. *Nellom*, 2024 WL 3219700.

Mr. Nellom filed this action on July 12, 2024. Citing one of the regulations that the Court of Appeals mentions in its decision (20 C.F.R. § 416.1325), Mr. Nellom asserts in his Complaint that the named Defendants—several employees of the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Disability Determination; the United States Attorney for the Eastern District of Pennsylvania; and several Social Security Administration attorneys—violated his right to receive his SSI benefits, failed to "disclose" the regulation to Magistrate Judge Lloret, and violated his due process rights under the Fourteenth Amendment. He seeks back SSI benefits and money damages for psychological injury. (*Id.* at 3.)

At the outset of the case, I denied Mr. Nellom's motion to proceed *in forma pauperis* because he didn't provide enough financial information. When I did so, I cautioned him that I would dismiss the case for failure to prosecute if he did not file an

updated motion by August 23, 2024. He didn't, so on September 5, 2024, I dismissed the action without prejudice and directed the Clerk of Court to close the case. The docket indicates that Mr. Nellom received both of my orders. The Court heard nothing from Mr. Nellom on this case until November 12, 2024, when he filed a motion for summary judgment, which includes an updated request to proceed *in forma pauperis* but does not acknowledge the dismissal of his case.

## II. DISCUSSION

Mr. Nellom's summary judgment motion effectively asks me to give him relief from my dismissal of this action with prejudice. There's no reason for me to do so. Mr. Nellom has not made the required showing of extraordinary circumstances, and he has not shown that that there is merit to his case.

### A. Reopening Dismissal

Federal Rule of Civil Procedure 60(b) provides six grounds upon which a party may seek relief from a final Order like the one that I entered on September 5. Mr. Nellom does not invoke the rule or point to any of these grounds. But he submitted a new application to proceed *in forma pauperis*, so I assume that he wants relief from my dismissal and the opportunity to proceed with the case. The first five categories in Rule 60(b) do not apply on their face to this case, so to the extent Mr. Nellom seeks relief from my Order, it would have to be under Rule 60(b)(6), which permits relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This rule provides for "extraordinary relief and may only be

invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).

Mr. Nellom hasn't made the necessary showing. He doesn't point to any reason at all for me to give him relief from my Order, let alone an extraordinary one. He just ignores the dismissal. That's not good enough, and on that ground alone I will deny his motion. But it's not the only ground for me to do so.

B. **Viability Of Claims**

Even if I reached the merits of Mr. Nellom's claim, I would have to screen his case for merit because he seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That would require Mr. Nellom to show that he has a claim that could survive a motion to dismiss. To make that showing, he would have to demonstrate that the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Mr. Nellom labels his Complaint as one seeking money damages for civil rights violations, but it also seeks allegedly unpaid SSI benefits. The vehicle by which a plaintiff may bring federal constitutional claims in federal court against state officials is 42 U.S.C. § 1983. The vehicle to assert civil rights claims against federal officials is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).

### 1. Unpaid SSI benefits

A federal court lacks jurisdiction over a claim for SSI benefits unless the plaintiff has exhausted his administrative remedies, as the Third Circuit has told Mr. Nellom. *Nellom*, 2024 WL 3219700, at *1–2 and n.1. While Mr. Nellom attached a letter to his Complaint concerning his award of *retirement* benefits, he has not alleged that he exhausted his administrative remedies regarding a denied claim for unpaid *SSI* benefits. This claim therefore could not survive statutory screening.

### 2. *Bivens*

*Bivens* created a means to assert constitutional claims against federal officials. *Bivens*, 403 U.S. at 392. However, the Supreme Court has "counseled against creating new *Bivens* causes of action." *Vanderklok v. United States*, 868 F.3d 189, 199 n.8 (3d Cir. 2017). Since the Supreme Court decided *Bivens* in 1971, it "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200.

Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), a court must undertake a "rigorous inquiry … before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200. Mr. Nellom's claims that the federal actor Defendants— including the U.S. Attorney for the Eastern District of Pennsylvania and lawyers at the

Social Security Administration—violated his "right" to receive his SSI benefits, failed to disclose certain sections of the C.F.R. to Magistrate Judge Lloret, and violated his due process rights, are not recognized *Bivens* claims. Thus, I must ask "whether any 'special factors counsel[ ] hesitation' in permitting the extension." *Bistrian v. Levi*, 912 F.3d 79, 90 (3d Cir. 2018) (abrogation on other grounds recognized by *Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Abbasi*, 582 U.S. at 136) (alteration in original).

Central to the special factors analysis are "separation-of-powers principles" under which the provision of a new damages remedy should often be committed to Congress. *See Abbasi*, 582 U.S. at 134–35. Among the special factors on which courts have relied are "the existence of an alternative remedial structure," which "may by itself 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Bistrian*, 912 F.3d at 90 (quoting *Abbasi*, 582 U.S. at 137).

The existence of the administrative exhaustion procedures, followed by the availability of judicial review of a claim denial under 42 U.S.C. § 405(g), are an alternative remedial structure indicating that no *Bivens* claim should be recognized in the context of a dispute over SSI benefits. Indeed, the Supreme Court has rejected the extension of *Bivens* to due process violations brought under the Fifth Amendment in connection with the denial of social security benefits. *See Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988). Thus, Mr. Nellom's *Bivens* claims against the Federal Defendants could not survive statutory screening.

### 3. Section 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

Mr. Nellom claims a "right" enforceable through § 1983 to receive SSI benefits and that the Defendants who work for the Commonwealth of Pennsylvania did not properly apply social security regulations and so violated his due process rights in denying his application. These claims are not plausible. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006).

Mr. Nellom had no property right to receive SSI benefits while he was incarcerated. Mr. Nellom cites 20 C.F.R. § 416.1325(a), which contemplates someone who is incarcerated

resuming SSI benefits upon his release. But he ignores another regulation—one that the Third Circuit cited in resolving Mr. Nellom's case—that applies:

> We will terminate your *eligibility* for benefits following 12 consecutive months of benefit suspension for any reason beginning with the first month you were no longer eligible for regular SSI cash benefits.

20 C.F.R. § 416.1335 (emphasis added). Thus, "[the regulations 'provide for no . . . reinstatement where a recipient's eligibility has been terminated after 12 consecutive months of suspension.'" *Nellom*, 2024 WL 3219700 at 4 n.2 (quotation omitted).

Mr. Nellom's was incarcerated in April 2019, and his eligibility for benefits terminated twelve months later, while he was still incarcerated. He therefore had to reapply for benefits. Because he had no property interest in SSI benefits after his eligibility terminated, his due process claim against the state actor Defendants is not plausible and could not survive statutory screening.

## IV.   CONCLUSION

Mr. Nellom has not shown a reason for me to revisit the dismissal of this case, and even if he did, I would dismiss it again. I will therefore deny his Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

December 16, 2024          **JOSHUA D. WOLSON, J.**